OPINION
On July 10, 1995, Zackene S. Portis was indicted for felonious assault, a second degree felony (Count I) and discharging a firearm at or into a habitation, a third degree felony (Count II). Neither count contained an R.C. 2941.143
specification. Pursuant to plea negotiations, Portis eventually entered a plea of guilty to a reduced charge of attempted felonious assault, a third degree felony (Count I), and Count II was dismissed. There was no attempt to add an R.C. 2941.143
specification to Count I. The State recommended a 2-10 year sentence which the court imposed without objection by Portis or his appointed counsel. Portis did not appeal from his conviction and sentence. On September 3, 1998, Portis filed a pro se motion "to correct illegal sentence." He argued that the trial court had been limited to imposing a definite sentence absent an R.C.2941.143 specification in the indictment and that the 2-10 year sentence imposed by the court was therefore not a lawful sentence. The court overruled the motion, stating as follows:
 This case is before the Court on the motion of the Defendant to correct his sentence. The Defendant argues that since he pled to the reduced charge of Attempted Felonious Assault, without a specification, he could only be sentenced to a maximum definite sentence of 2 years and not the indefinite sentence.
 The cases cited by the Defendant point out that reasoning for the requirement of the specification is to put the defendant on notice that the State is seeking the enhanced penalty when the plea is entered. In this case the only change in the indictment was the addition of the language of the attempt statute. The original language of the felonious assault, including that the Defendant's attempt to cause physical harm to another by means of a deadly weapon (to-wit: a gun . . .) remained in the count to which the Defendant pled guilty. Therefore, the Defendant also pled guilty to the fact that he did use a deadly weapon in committing the offense.
 The Court finds the motion not to be well taken and the same is DENIED.
Portis timely appealed this adverse ruling, and counsel was appointed to prosecute this appeal. Appointed counsel advances two assignments of error. (The State has not favored us with an appellate brief.)
 THE COURT COMMITTED PREJUDICIAL ERROR WHEN IT SENTENCED APPELLANT TO AN INDEFINITE SENTENCE ON A CHARGE OF ATTEMPTED FELONIOUS ASSAULT WHEN THE INDICTMENT DID NOT CONTAIN A SPECIFICATION IN THE FORM REQUIRED BY STATUTE.
 THE COURT ERRED BY DENYING THE APPELLANT'S MOTION TO MODIFY HIS SENTENCE WHEN NO SPECIFICATION WAS SET FORTH AS REQUIRED BY STATUTE AND WHEN, GIVEN THE FACTS AND CIRCUMSTANCES, IT WAS PROPER THAT SAID MOTION WOULD BE GRANTED, AND TO DO OTHERWISE WOULD BE AN ABUSE OF DISCRETION.
We do not reach the merits of the first assignment of error because Portis failed to timely appeal the judgment of conviction and sentence. App. R. 4(A). The first assignment of error is overruled.
Turning to the second assignment, we agree with Portis that the trial court acted unreasonably and thereby abused its discretion in failing to correct what was clearly an illegal sentence.
This appeal involves the statutory law as it existed prior to substantial revision that became effective July 1, 1996. R.C.2929.11(B)(6) provided as punishment for a third degree felony an indefinite sentence of 2, 2 1/2, 3 or 4 years to 10 years. However, R.C. 2929.11(G) provided:
 No person shall be sentenced pursuant to division (B)(6) or (7) of this section to an indefinite term of imprisonment for a felony of the third or fourth degree unless the indictment, count in the indictment, or information charging him with the offense contains a specification as set forth in section 2941.143
[2941.14.3] of the Revised Code.
R.C. 2941.143 provides:
 Imposition of an indefinite term pursuant to division (B)(6) or (7) of section 2929.11 of the Revised Code is precluded unless the indictment, count in the indictment, or information charging the offense specifies either that, during the commission of the offense, the offender caused physical harm to any person with a deadly weapon, as defined in section 2923.11 of the Revised Code, or that the offender has previously been convicted of or pleaded guilty to an offense of violence. Such a specification shall be stated at the end of the body of the indictment, count, or information and shall be in substantially good form:
 "Specification (or, Specification to the First Count). The grand jurors (or insert the person's or the prosecuting attorney's name when appropriate) further find and specify that (set forth the allegation either that, during the commission of the offense, the offender caused physical harm to any person with a deadly weapon, or that the offender has previously been convicted of or pleaded guilty to an offense of violence)."
While the facts known to the trial court at the time of sentencing may have supported an R.C. 2941.143 specification, the fact remains that the indictment did not contain a specification. A specification was a statutorily mandated prerequisite to the imposition of an indefinite sentence.
Given the clarity of the statutory requirement of a specification as a prerequisite to imposition of an indefinite sentence, we are constrained to conclude that the trial court acted unreasonably in overruling Portis's motion.
The second assignment is sustained. The order appealed from will be reversed and the matter will be remanded for further proceedings consistent with this opinion.
BROGAN., J. and FAIN, J., concur.
Copies mailed to:
Stephen Schumaker
Daniel J. Martin
Hon. Richard J. O'Neill